```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                         HAMMOND DIVISION

SHIRLEY BALLARD,               )
                               )
          Plaintiff            )
                               )
     v.                        )   Case No. 2:02 cv 498
                               )
JOHN E. POTTER, Postmaster     )
General of the United States,  )
                               )
          Defendant            )
```

OPINION AND ORDER

This matter is before the court on the Objections to Plaintiff's Contentions (Amendment of Complaint Without Leave) and Witness List filed by the defendant, the United States, on July 10, 2006, the Trial Brief filed by the United States on July 19, 2006, and the Trial Brief filed by the plaintiff, Shirley Ballard, on July 26, 2006.  For the following reasons, the court hereby **FINDS** that Ballard may pursue damages for emotional distress.

Background

The plaintiff, Shirley Ballard, is an employee of the United States Postal Service.  On December 16, 2002, she filed suit against her employer alleging a myriad of discrimination claims. On March 22, 2005, the district court granted summary judgment on all of the plaintiff's claims except that for retaliation under Title VII of the Civil Rights Act.  The parties subsequently consented to the Magistrate Judge, and this matter is set for trial on August 21, 2006. Now on the eve of trial, a series of

disagreements has arisen between the parties regarding the scope of the retaliation claim and nature of allowable damages.

## Discussion

The government argues that sovereign immunity prevents the plaintiff from obtaining compensatory damages for emotional distress caused by the defendant's alleged retaliation. The Postal Service, as a federal agency, "enjoys federal sovereign immunity absent a waiver." See *Dolan v. United States Postal Service*, __U.S.__, 126 S.Ct. 1252, 1256, 163 L.Ed.2d 1079 (2006). Waiver occurs when Congress expressly permits suit against a federal agency by statute. *See, e.g.*, *Dolan*, __ U.S. at __, 126 S.Ct. at 1256.

The 1991 amendments to the Civil Rights Act of 1964, encoded as 42 U.S.C. §1981a, provide that (1) in a case brought under §717 of the Act and (2) in which "the complaining party cannot recover under section 1981 of this title," the "complaining party may recover compensatory and punitive damages as allowed in subsection (b) of this section, *in addition to* any relief authorized by section 706(g) of the Civil Rights Act of 1964." *See* 42 U.S.C. §1981a(a)(1)(emphasis added). Section 717 of the Act has been encoded as 42 U.S.C. §2000e-16, and § 706(g) can be found at 42 U.S.C. §2000e-5.

Section 717 abrogates the sovereign immunity of the federal government in suits to remedy "any discrimination based on race, color, religion, sex, or national origin." *See* 2000e-16(a). The government claims that this section contemplates intentional

2

discrimination, but not retaliation. *See* Reply Brief, p. 11. The case on which the government relies, and Seventh Circuit precedent, says otherwise. *See* **Rochon v. Gonzales**, 438 F.3d 1211, 1215-16 (D.D.C. 2006)(agreeing with the Seventh Circuit that "this ban on retaliation applies to the Government through § 20003-16" and specifically finding that sovereign immunity has been waived for retaliation lawsuits under that provision); **Hale v. Marsh**, 808 F.2d 616, 619 (7th Cir. 1986)(noting that the proper section under which to bring a retaliation claim against the government is 42 U.S.C. §2000e-16).

Section 717 further states that 42 U.S.C. §2000e-5(f) through (k), titled §706(f)-(k) of the Act, governs civil actions brought under §717. *See* 42 U.S.C. §2000e-16(d). Most relevant here, §706(g) states that the court may issue an injunction, order back pay, or require other equitable relief to remedy intentional discrimination. *See* 42 U.S.C. §2000e-5(g).

Section 706(g) works seamlessly with §717 of the Act. Specifically, §717(b) exempts the federal government from punitive damages and prevents a plaintiff from recovering a redundant reward of the back pay and other damages a plaintiff already may receive under §706(g). *See* 42 U.S.C. §1981a(b)(1)-(2). However, §717 also expands the types of injuries for which a plaintiff could have received compensatory relief under the Civil Rights Act prior to the 1991 amendments. *See* **United States v. Burke**, 504 U.S. 229, 241 n.12, 112 S.Ct. 1867, 1874 n.12, 119 L.Ed.2d 34 (1992)(applying the pre-amendment version of the Civil Rights Act

of 1964)("[W]e believe that Congress' decision to permit jury trials and compensatory and punitive damages under the amended Act signals a marked change in its conception of the injury redressably by Title VII.").

As the statute now stands, §717 explicitly permits compensatory damages for "future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses," but limits the amount of damages that may be awarded. *See* 42 U.S.C. §1981a(b)(3). Therefore, the government's position that sovereign immunity blocks the availability of compensatory damages in a retaliation case is not correct.

In sum, the 1991 amendments to the Civil Rights Act of 1964, encoded in §1981a, permit a plaintiff to pursue damages for emotional distress flowing from her 42 U.S.C. §2000e-16 retaliation claim against the federal government. This view is supported by the Seventh Circuit's pattern jury instruction 3.10, which states that the jury may consider physical and mental aspects of an injury arising under Title VII when calculating compensatory damages. Ballard never has claimed, nor does the government assert, that her suit falls within 42 U.S.C. §1981, which would exempt her from the relief provided in §1981a. *See* §1981a(a)(1). Accordingly, no such exception applies.

The government's reliance on **Rochon** and **Burlington Northern and Santa Fe Railway Company v. White**, __ U.S.__, 126 S.Ct. 2405, 163 L.Ed.2d 626 (2006) is misplaced insofar as these cases relate

4

to the availability of damages for emotional distress. In *White*, the Supreme Court agreed with the Seventh Circuit and the District of Columbia Circuit that "the anti-retaliation provision [of Title VII] does not confine the actions and harms it forbids to those that are related to employment or occur in the workplace." *White*, __U.S. at __ , 126 S.Ct. at 2409. The Supreme Court further held that "the provision covers those (and only those) employer actions that would have been materially adverse to a reasonable employee or job applicant." *White*, __U.S. at __, 126 S.Ct. at 2409. However, the Supreme Court did not address the damages available to a plaintiff on a retaliation claim, which is the issue here.  Moreover, the plaintiff in *White* had sued a private employer rather than a government entity.

In arriving at its decision, the Supreme Court cited the holding of *Rochon* with approval. However, the thrust of the opinion in *Rochon* was to determine whether the court had jurisdiction over the plaintiff's claims, not the scope of available damages. *See* 438 F.3d at 1215-16.  In *Rochon*, the federal government asserted that sovereign immunity prevented the court from assuming jurisdiction over a retaliation claim under Title VII. *See* 438 F.3d at 1215.  In rejecting this contention, the court noted that §2000e-16 incorporated the damages provision of §2000e-5(g)(1) allowing back pay and other equitable relief. *See Rochon*, 438 F.3d at 1215-16. Given that Rochon requested "in addition to damages, declaratory and injunctive relief," which clearly fell under §2000e-5(g)(1), the court presumably needed to

5

go no further to determine whether the jurisdictional requirement was satisfied.  See *Rochon*, 438 F.3d at 1214. Although Rochon asserted a claim for emotional distress, the court addressed this claim only in analyzing whether the "thrust" of Rochon's complaint lay in breach of contract or tort for purposes of jurisdiction, and once again did not consider damages. See *Rochon*, 438 F.3d at 1215. For these reasons and based on the clear language of the Civil Rights Act, the court will not construe *Rochon* as stating the outward limits of recoverable damages in a retaliation case.

Although Ballard's independent claim for intentional infliction of emotional distress failed at summary judgment because she had not given notice under the Federal Tort Claims Act, recovery for emotional distress as an element of damages for retaliation does not constitute a revival of this claim.  In calculating damages at trial, it has not been necessary for a jury to determine whether a plaintiff has proven each element supporting the additional tort of intentional infliction of emotional distress before being able to award damages for mental pain and suffering caused by the defendant's discriminatory conduct. See *Avita v. Metropolitan Club of Chicago*, 49 F.3d 1219, 1228-29 (7th Cir. 1995).  In *Avita*, the Seventh Circuit rejected the defendants' attempt to make the elements of the tort coterminous with that element of compensatory damages in a discrimination case.  See 49 F.3d at 1228-29. According to the court, "[T]his is not a case of intentional infliction of emotional distress.  It is a case of

6

wrongful discharge where the governing statute entitles the plaintiff to recover damages for the full consequences of the discharge including-we have held specifically-emotional distress." **Avita**, 49 F.3d at 1228-29.  See also **Knapp v. Eagle Property Management Corporation**, 54 F.3d 1272, 1279 (7th Cir. 1995)(noting that under the Fair Housing Act, as with other civil rights statutes, "[W]e presume that such conduct can lead to emotional distress and require plaintiffs to prove only their actual damages caused by the discrimination.").  To hold otherwise would heighten the standard by which a plaintiff may be compensated for her mental suffering even after she has proven her case.

_____

For the foregoing reasons, the court **FINDS** that Ballard may pursue damages for emotional distress.  The two remaining issues before the court, the scope of the retaliation claim and the length of Ballard's witness list, will be set for a hearing.

ENTERED this 31st day of July, 2006

s/ ANDREW P. RODOVICH
United States Magistrate Judge

7